**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARPREET SINGH MISHAL, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-3826 |
| | : | |
| MARKWAYNE MULLIN, et al., | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 8th day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus and Complaint for Injunctive and Declaratory Relief (ECF No. 1) and the

Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 2), **IT IS**

**HEREBY ORDERED** as follows:

1.    The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Petitioner, an Indian national, has lived in the United States continuously since his arrival in 2023. *See* Pet. for Habeas Corpus at 4. He was recently arrested and subsequently detained by ICE and is presently held at FDC Philadelphia. *Id.* at 2-3. Petitioner timely filed an asylum application and has remained in the United States since his initial entry. *Id.*

The Government contends that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and Petitioner's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

While the Government acknowledges that this case is legally and factually aligned with those recent decisions, they highlight that Petitioner was arrested on April 5, 2026, and charged with Simple Assault and Harassment, charges that were later dismissed. *Commw. of PA. v. Mishal*, Doc. No. MJ-32133-CR-58-2026. The Court notes this history, but it does not alter the governing analysis or the outcome.

2.      Mr. Mishal is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Mishal from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 12:00 p.m. ET on June 10, 2026;

4.      If the Government chooses to pursue re-detention of Mr. Mishal pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.